F I L E D
CLERK OF COURT

2025 APR -7 PM 4: 32

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

VINCENT T. TEDTAOTAO,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0239-85**
CRIMINAL CASE NO. **CF0058-86**
CRIMINAL CASE NO. **CF0097-86**
CRIMINAL CASE NO. **CF0194-90**
CRIMINAL CASE NO. **CF0214-91**
CRIMINAL CASE NO. **CF0570-96**


**DECISION & ORDER
RE. AMENDED MOTION FOR
COMPASSIONATE RELEASE;
MOTION FOR RESENTENCING**

This matter came before the Honorable Alberto E. Tolentino on January 7, 2025, for hearing on Defendant Vincent T. Tedtaotao's ("Defendant") Amended Motion for Compassionate Release and Alternative Motion for Resentencing. The Defendant was present via Zoom with counsel Public Defender Zachary Taimanglo. Assistant Attorney General Aaron Boyce was present for the People of Guam ("People"). Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.1(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **DENYING** the Defendant's Amended Motion for Compassionate Release; and **DENYING** the Defendant's Alternative Motion for Resentencing.

\\

\\

## BACKGROUND

**A. Defendant Tedtaotao's Criminal Matters**

On May 27, 1986, the Defendant was convicted of the following offenses in CF0239-85: Aggravated Murder; Attempted Murder as a lesser-included offense of Attempted Aggravated Murder; and two counts of Possession and Use of a Deadly Weapon During the Commission of a Felony. *See* Judgment (CF0239-85) (Aug. 25, 1986). For the charge of Aggravated Murder, the Defendant was sentenced to life imprisonment without parole. *Id.* As to the charge of Attempted Murder, the Defendant was sentenced to serve fifteen (15) years to run concurrently with his life imprisonment sentence. *Id.* The Defendant was also sentenced to serve five (5) years for each count of Possession and Use of a Deadly Weapon During the Commission of a Felony, to run consecutively with the sentences for Aggravated Murder and Attempted Murder. *Id.*

On April 16, 1987, the Defendant pled guilty to two charges of Felony Escape; one in CF0058-86 and another in CF0097-86. *See* Judgment (CF0058-86 & CF0097-86) (May 13, 1987). For these offenses, the court sentenced him to serve five (5) years for each charge, to run concurrently with one another; but to run consecutively to the sentences imposed in CF0239-85. *Id.*

On January 24, 1991, the Defendant pled guilty to another charge of Felony Escape in CF0194-90 and was sentenced to serve three (3) years of imprisonment to run consecutively with his sentence imposed in CF0239-85. *See* Judgment (CF0194-90) (Jan. 30, 1991).

After a jury trial, the Defendant was convicted of the following offenses on September 12, 1992: Robbery (As a 2nd Degree Felony); Kidnapping (As a 2nd Degree Felony); Burglary (As a 2nd Degree Felony); Special Allegation of Possession and Use of a Deadly Weapon; Terrorizing (As a 3rd Degree Felony); and Felony Escape (As a 3rd Degree Felony). *See*

Judgment (CF0214-91) (Mar. 15, 1993). The Defendant was sentenced to serve ten (10) years for each of the following charges, which all ran concurrently with one another: the first charge of Robbery (As a 2nd Degree Felony); the third and fifth charges of Kidnapping (As a 2nd Degree Felony); and the seventh charge of Burglary (As a 2nd Degree Felony). *Id.* For each Special Allegation of Possession and Use of a Deadly Weapon, the Defendant was also sentenced to serve twenty-five (25) years; all running concurrently with each other but consecutive to the ten-year sentence imposed in this case.[1] *Id.* Lastly, the Defendant was sentenced to serve five (5) years for the ninth charge of Terrorizing (As a 3rd Degree Felony) and another five (5) years for eleventh charge of Felony Escape. *Id.* Both would run concurrently with each other but consecutive to the sentences imposed in CF0214-91 and his other previous cases. *Id.*

Pursuant to a Plea Agreement, the Defendant pled guilty to one count of Felony Escape (As a 3rd Degree Felony) in CF0570-96 on May 21, 1997. *See* Judgment (CF0570-96) (May 28, 1997). For that offense, he was sentenced to serve three (3) years of incarceration, to run concurrently with his sentence imposed in CF0239-85. *Id.*

While CF0239-85 was still assigned to the Honorable Maria T. Cenzon, she appointed the Public Defender Service Corporation ("PDSC") to represent the Defendant on September 24, 2021. *See* Order Appointing Counsel (Sept. 24, 2021). Upon this court's later assignment to CF0239-85, the Defendant filed a Motion to Consolidate all his criminal matters on December 27, 2022. *See* Mot. Consolidate (Dec. 27, 2022). The court subsequently granted the consolidation of all the Defendant's criminal matters during a Status Hearing held on October 3, 2023. *See* Status H'rg Mins. at 3:02:01PM (Oct. 3, 2023).

\\

---

[1] The Special Allegation of Possession and Use of a Deadly Weapon was contained in Charges Two, Four, Six, Eight, and Ten of the Indictment. *See* Indictment (Oct. 24, 1991).

## B. Defendant Tedtaotao's Transfer to the Bureau of Prisons

On May 24, 2022, Probation Services Division ("Probation") filed an Informational Report addressing the Defendant's transfer of custody from the Department of Corrections ("DOC") to the Bureau of Prisons ("BOP"). In the report, Probation indicated that:

> On November 29, 1996, DOC officials requested that TEDTAOTAO be placed into federal custody due to DOC's lack of manpower, inadequate facilities, and limited rehabilitative programs. DOC also stated that TEDTAOTAO was identified as a high escape risk and that he presented a danger to other inmates.

Informational Report (May 24, 2022). After BOP officials stated their willingness and ability to receive the Defendant into their custody, he was officially transferred from DOC to BOP's custody on June 4, 1997; specifically, to the United States Penitentiary (USP) Allenwood, Pennsylvania. *Id.*

## C. Defendant Tedtaotao's Request for Compassionate Release

Before filing a motion with the Superior Court, the Defendant requested compassionate release in two separate letters to the Department of Corrections; one dated January 28, 2021, and another dated March 1, 2021. *See* Amended Mot. (May 23, 2024). On April 14, 2021, the Defendant filed a Motion for Compassionate Release and a request for appointment of counsel. *See* Mot. (Apr. 14, 2021). The People then filed its Opposition to the Motion for Compassionate Release on May 20, 2022. The People additionally filed a Motion to Dismiss regarding the Compassionate Release argument on July 8, 2022.

After being appointed PDSC as counsel, the Defendant filed an Amended Motion for Compassionate Release and Alternative Motion for Resentencing ("Amended Motion") on May 23, 2024. The People filed its Opposition to the Amended Motion in the following week. The court scheduled a Motion Hearing to address the Defendant's Amended Motion, which was later rescheduled to January 7, 2025.

During the Motion Hearing, the Defendant called his sister and himself to testify in support of his Amended Motion.[2] *See generally* Mot. H'rg Mins. (Jan. 7, 2025). After hearing the parties' argument, the court took the matter under advisement but allowed supplemental briefing on the relevance of *People v. Adriatico*[3] in this case. *Id.* The Defendant subsequently filed his Supplemental Brief on February 10, 2025.

## DISCUSSION

Compassionate release is a means by which a district court can modify or reduce a prison sentence under 18 U.S.C.A. § 3582(c)(1)(A)[4] so long as the defendant shows "extraordinary and compelling reasons" for the modification or reduction; and that modification or reduction is consistent with factors laid out in 18 U.S.C.A. § 3553(a). *United States v. Mosely*, 701 F. Supp. 3d 597, 598–99 (S.D. Tex. 2023) (quoting *United States v McFadden*, 2022 WL 715489, *2 (5th Cir 2022)). A district court can only make this determination after receiving a motion from the Director of the BOP or the defendant. If a district court is making a determination for compassionate release on a defendant's motion, the motion must have been filed either after the

---

[2] Pursuant to Local Rule of the Superior Court of Guam CR 1.1, the court denied the People's attempt to call witnesses to testify absent a witness list that was filed and served "[w]ithin twenty-four hours of the scheduled evidentiary hearing."

[3] *People v. Adriatico*, 2024 Guam 7.

[4] 18 U.S.C.A. § 3582(c)(1)(A) provides as follows:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

defendant "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C.A. § 3582(c)(1)(A) (Dec. 21, 2018).

**A. This trial court does not have authority to grant Defendant Tedtaotao's Compassionate Release under federal statute 18 U.S.C.A. § 3582(c)(1)(A).**

Guam's laws do not provide local authority for a defendant's compassionate release; however, the Defendant asks the court to use its inherent authority and reduce his sentence in accordance with the procedure outlined in 18 U.S.C.A. § 3582(c)(1)(A). *See generally* Amended Mot. (May 23, 2024). "The doctrine of inherent authority allows for a court to act on a matter for which the legislature has not provided, or not fully provided, since equity will not entertain jurisdiction where a statute provides an adequate remedy at law." *People v. Ho,* 2009 Guam 18 ¶ 8 (citing *Ortwein v. Schwab,* 498 P.2d 757, 762 (Or. 1972)). "Such powers are strictly procedural in nature and do not confer any substantive authority nor increase the jurisdiction of the court." *Id.* (quoting *State v. Gilkinson,* 790 P.2d 1247, 1249 (Wash. Ct. App. 1990)).

For instance, case law has recognized a state court's inherent powers to "compel funding for judiciary equipment, facilities, and supporting personnel, to punish for contempt, to appoint counsel for indigent criminal defendants, to grant bail, to compel the attendance of witnesses and the production of evidence, to regulate the practice of law, and to control photography in court to ensure a fair trial." *Ho,* 2009 Guam ¶ 9 (citing *In re Salary of Juvenile Dir.,* 552 P.2d 163, 171 (Wash. 1976)). Although the Guam Supreme Court did not explicitly rule in *Ho* that the trial court had inherent authority to expunge, it made no such ruling since the defendant did not demonstrate a justification for the court to expunge the matter even if it has that inherent authority. *Id.* ¶ 33.[5]

---

[5] In *People v. Ho*, the power that the Defendant argued the trial court had inherent authority to exercise was the power to expunge a criminal matter not based on Guam's statutory definition for expungement.

In seeking compassionate release, Defendant Tedtaotao argues that *this* court may exercise its inherent authority to reduce his sentence under 18 U.S.C.A. § 3582(c)(1)(A). The Defendant also proffers 7 G.C.A. § 7107(h) as authority for the court to grant his compassionate release, under federal guidelines, absent any functional equivalent within Guam's laws. 7 G.C.A. § 7107(h) gives each court of Guam the "power [t]o amend and control its process and orders so as to make them conformable to law and justice." However, the Defendant does not explain how these federal sentencing guidelines control or why they are persuasive for this court.

Since his withdrawal of COVID-19 Pandemic as grounds for compassionate release, the Defendant now seeks compassionate release on the grounds that he has already served more than thirty (30) years of confinement and suffers "a myriad of physical ailments associated with the aging process." Amended Mot. at 6 (May 23, 2024). During the Motion Hearing, the Defendant testified that he suffered from: depression, high blood pressure, and joint and back pain. *See* Mot. H'rg Mins. at 9:28:54 – 29:57AM (Jan. 7, 2025). In addition to his physical ailments and thirty (30) years of incarceration, Defendant uses the fact that he resides in a federal prison as justification for why a court's inherent authority allows this court to reduce his sentence pursuant to federal statute U.S.C.A. § 3582(c)(1)(A). While the BOP physically houses the Defendant, he has always remained under Guam DOC's jurisdiction but for his relocation in 1996 due to staff shortage and his high risk of escape.

Although the Defendant is not arguing for his compassionate release due to an illegal sentence imposed on him, Guam allows defendants to file a motion to reduce a sentence, regardless of whether it was legally or illegally imposed, within one hundred twenty (120) days after: (1) the sentence was imposed; (2) the court's receipt of a mandate affirming a judgment or dismissal of an appeal; or (3) entry of any order or judgment from the Supreme Court of Guam

that effectively upheld a judgment of conviction. *See* 8 G.C.A. § 120.46.[6] While the court agrees that compassionate release is a process by which a federal *district* court can reduce a federal inmate's sentence, this Superior Court of Guam *trial* court's application of compassionate release under U.S.C.A. § 3582(c)(1)(A) would increase its jurisdiction over the matter by going beyond Guam's procedures for reducing sentences imposed on its inmates.

Without more, the court finds that it does not have inherent authority under *People v. Ho*, or authority under 7 G.C.A. § 7107(h), to grant the Defendant's compassionate release in accordance with federal statute 18 U.S.C.A. § 3582(c)(1)(A).[7]

**B. The Guam Supreme Court Opinion *Adriatico* cannot be firmly applied to Defendant Tedtaotao's case to warrant his resentencing.**

After the court allowed the parties to submit supplemental briefing on *People v. Adriatico's* applicability to Defendant Tedtaotao's Amended Motion, the Defendant submitted his supplemental brief on the matter on February 10, 2025. The People filed no supplemental brief in support of its position on *Adriatico's* applicability to the Defendant. Should the court deny the Defendant's compassionate release, the Defendant alternatively seeks the court's reconsideration of his life sentence without parole ("LWOP") in CF0239-85 as to the charge of Aggravated Murder. At the time of the Defendant's conviction, Guam's sentencing statute for Aggravated Murder stated:

> Aggravated murder is a felony of the first degree but a person convicted of aggravated murder shall be sentenced to life imprisonment notwithstanding any

---

[6] Under 8 G.C.A. § 120.46:
> The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within one hundred twenty (120) days after the sentence is imposed, or within one hundred twenty (120) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred twenty (120) days after entry of any order or judgment of the Supreme Court of Guam, having the effect of upholding a judgment of conviction.

[7] Because the court finds that it has no inherent authority to grant the Defendant's compassionate release under federal sentencing guidelines, the court will not address whether the Defendant would have succeeded on the merits of his argument for compassionate release if it had inherent authority to grant his release in this manner.

other provision of law; provided, further, that any person convicted of aggravated murder shall not be eligible for parole, work release nor shall his sentence be suspended.

Public Law 16-126 (1982). The Guam Supreme Court in *Adriatico* only found that the defendant's two LWOP sentences as to his Attempted Aggravated Murder charges warranted correction, because "[a]t the time of his sentencing, Guam law did not permit LWOP for *attempted* aggravated murder." *People v. Adriatico*, 2024 Guam 7 ¶ 1. Although *Adriatico* vacated the defendant's judgment in CF0116-84 as to the Attempted Aggravated Murder charges, it did not vacate his other LWOP sentences for the Aggravated Murder charge in that same case, as well as, the two counts of Aggravated Murder in CF0085-83. *Id.* ¶ 69.

While both Adriatico and Tedtaotao were considered youthful offenders at the time of their convictions, the court does not find that a LWOP sentence for Aggravated Murder was an illegal sentence at the time of their convictions. Although the Defendant in *this* case believes that the *Adriatico* opinion can be firmly applied to his case, the nature of the charges that led to the Guam Supreme Court's vacation of Adriatico's judgment is not the same as Defendant Tedtaotao. Therefore, the court finds that Defendant Tedtaotao's LWOP sentence for Aggravated Murder does not warrant resentencing.

\\

\\

\\

\\

\\

\\

\\

\\

## CONCLUSION

For the reasons above, the court hereby **DENIES** the Defendant's Amended Motion for Compassionate Release and alternative Motion for Resentencing.

**SO ORDERED** this _____APR 0 7 2025_____.



_____
**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam